IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-01203-RPM

KAREN L. HAMRICK,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.
_____

ORDER AFFIRMING DECISION
_____

By his decision of March 16, 2006, an Administrative Law Judge ("ALJ") denied the application of Karen L. Hamrick for Supplemental Security Income and Disability Insurance Benefits under the Social Security Act, based on his findings that she had the residual functional capacity to perform her past relevant work as a clerk, scanning coordinator, or engineering technician and was therefore not disabled at Step 4 of the Sequential Evaluation Process. The applicant submitted additional evidence to the Appeals Council, which affirmed the ALJ's decision on April 14, 2007. The matter is now here for judicial review under 42 U.S.C. § 405(g).

Ms. Hamrick claims that she is unable to work because of limitations from arthritis and migraine headaches. The medical records show treatment for pain and headaches at Valley Wide Health Services, Inc., primarily with Dr. Mary Gentile, D.O., in Canon City, Colorado, where the plaintiff lives with her husband. The records also include many visits to the emergency rooms at hospitals in Pueblo, Colorado.

Objective diagnostic testing, including spinal fluid analysis, CT scan of the head, laboratory findings and MRI of the brain and spine, did not reveal such abnormalities as would be expected for the limitations complained of in the applicant's statements to her treatment sources and in her testimony at the ALJ hearing on September 27, 2005. Accordingly, the ALJ's determination is based on his evaluation of the applicant's credibility.

The plaintiff contends that the ALJ did not give sufficient weight to the reports from the treating and examining physicians. There is no definitive medical opinion in the record and the reports that were reviewed rely extensively on the patient's subjective reports of pain, particularly with respect to the frequency and severity of migraine headaches. The ALJ noted that Ms. Hamrick has not been compliant with the doctors' recommendations concerning the taking of oral medication for control of her headaches and has been reliant on injections at the hospitals. (R. 20). That observation is consistent with the medical record.

The plaintiff also takes issue with the ALJ's description of the applicant's daily activities in her responses to the daily activities questionnaire and in her testimony at the hearing. The claimant's husband also testified at the hearing and, in addition to his description of the effects of her headaches, said that she is depressed, forgetful and disoriented. The ALJ gave no weight to the husband's statements because they were not supported in the medical record. That is true with respect to her mental and emotional status.

The credibility findings by the ALJ may reasonably be questioned considering the record as a whole, but this Court must give deference to those findings if they are

2

supported by substantial evidence. In essence, this is a case of discrediting subjective symptoms of pain as not sufficiently supported by objective diagnostic tests and relevant medical records. Under the limited standards of judicial review, the ALJ's determination is sufficiently supported by the evidence. Accordingly, it is

ORDERED that the final decision is affirmed.

DATED: December 8th, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge